

8TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

ALEX DUNCAN
ATTORNEY AT LAW

WRITER DIRECT
(405) 270-6012
FAX (405) 228-7323
alex.duncan@mcafeetaft.com

September 12, 2022

Hon. Ona T. Wang, U.S.D.J.
United States Courthouse
500 Pearl Street
New York, New York 10007

       Re: *FD Special Opportunities V, LLC et al (collectively "FD") v. Silver Arch Capital Partners LLC et al, 21-cv-00797(VM)*

Dear Judge Wang:

  This letter is Plaintiffs' response to Defendants' letter dated September 7, 2022 [Dkt. No. 97]. Although not styled as such, Defendants' letter appears to be a motion for a protective order to limit the scope of questions that may be asked during the deposition of Defendant Silver Arch Capital Partners LLC's corporate representative. Specifically, Silver Arch wishes to avoid answering questions about certain noticed topics regarding its business dealings with other potential borrowers, including any disputes that arose between Silver Arch and those potential borrowers. Silver Arch also seeks to avoid answering questions about the number of potential borrowers that have paid Silver Arch advance fees in the last three years, and of that number, the number of borrowers who actually received a loan from Silver Arch.

  As explained below, Defendants' motion for protective order is meritless and simply the latest attempt by Defendants to delay and avoid answering difficult questions about their business under oath. The motion should be denied.

  *First*, and as to the merits of the motion, the noticed topics are narrowly tailored by time and scope, and they bear directly on a central theme of Plaintiffs' case—that Defendants are engaged in a fraudulent scheme to induce borrowers like Plaintiffs into paying Silver Arch advance loan fees without any real intention of ever making a loan. This scheme is referred to in the industry as a "Fee Collector Scam" and is known to be a risk to potential borrowers that deal with "hard money" lenders (*i.e.*, not banks) such as Silver Arch and Defendant Jeffrey Wolfer's previous companies. One commentator aptly describes the scheme as follows:

> Some scams private lenders make their money by charging upfront fees for loan processing and not fund any loans. These are the "Fee Collector" lenders, who are interested in what you say only to the point until you pay them loan processing

"upfront costs." . . . . In most cases, they turn their backs onto their borrowers, saying – "We're sorry to inform you that we cannot fund your loan…."[1]

Given Plaintiffs' own experience and the known consumer complaints and lawsuits that have been levied against Silver Arch and Defendant Jeffrey Wolfer's previous companies under similar circumstances, Plaintiffs have good reason to believe Defendants are engaging in this Fee Collector Scam and utilized it to defraud Plaintiffs. *See e.g.*, *Royale Luau Resort, LLC v. Kennedy Funding, Inc., Jeffrey Wolfer, Joseph Wolfer, John Does 1-10*, Case No. 07-cv-01342 (HAA), 2008 U.S. Dist. LEXIS 11902, at *16 (D.N.J. Feb. 19, 2008) (noting that Mr. Wolfer's former company had "been sued so many times on similar Loan Commitments that it has, for better or worse, generated its own body of law").

The subject topics are designed to obtain evidence that Defendants are engaged in the Fee Collector Scam and have defrauded numerous other potential borrowers besides Plaintiffs. While "admissibility is not a prerequisite to discoverability, and the scope of relevance under Rule 26 is broader than the Rules of Evidence,"[2] evidence that Silver Arch defrauded other potential borrowers for fees is admissible to prove Defendants' "motive, intent . . . absence of mistake or accident." *See* Fed. R. Evid. 404(b). Such evidence is also admissible under Fed. R. Evid. 404(b) and 406 to show a pattern or routine practice of Silver Arch and the other named Defendants.

Courts routinely admit such "other acts" evidence at trial for these purposes. *Carofino v. Forester*, 450 F.Supp.2d 257, 273 (S.D.N.Y.,2006) (holding evidence of defendant physician's federal conviction for fraudulent billing and of similar fraudulent misrepresentations to insurance carrier was relevant and admissible in patient's fraud action as "pattern" evidence under Rule 404(b)); *Montanez v. City of Syracuse*, 2019 WL 4328872, at *4 (N.D.N.Y., 2019) (allowing evidence of other arrestees' allegations of sexual abuse against police officer in plaintiff's civil rights action based on similar allegation to show pattern, intent, and absence of mistake under Rule 404(b)); *Ismail v. Cohen*, 706 F.Supp. 243, 253 (S.D.N.Y.,1989) (admitting evidence that police officer, against whom excessive force civil rights claim was brought by person whom he arrested, was involved in subsequent similar incident involving another arrestee was admissible to demonstrate both relevant pattern and intent); *United States v. Brennan*, 798 F.2d 581, 589–90 (2nd Cir. 1986) (adopting "inclusionary approach" to Rule 404(b) evidence).

Here, as in *Carofino*, Plaintiffs have alleged a state-law fraud claim against Defendants. Similarly, Plaintiffs have alleged a breach of the implied duty of good faith and fair dealing by Silver Arch.  As a result, Defendants' *intent* is a essential element of Plaintiffs' claims and evidence that Defendants engaged in a pattern of similar fraudulent conduct is fair game. Relatedly, the evidence will show that Defendants failed to make any serious effort to provide financing before Plaintiffs' prior loan was set to mature. For example, Plaintiffs have learned in discovery that

---

[1] *See Beware: How to Avoid Hard Money Lender Scams*, Broadmark Realty Capital (October 27, 2020), https://broadmark.com/2020/10/27/beware-how-to-avoid-hard-money-lender-scams/#:~:text=%E2%80%9CFee%20Collector%E2%80%9D%20Hard%20Money%20Lender,and%20never%20funds%20the%20loan; *Top Four Scams in Hard Money to Watch Out For*, Private Money Utah,
 https://privatemoneyutah.com/blog/faqs/top-four-scams-in-hard-money-to-watch-out-for/.

[2] *In re Terrorist Attacks on September 11, 2001*, 293 F.R.D. 539, 546 (S.D.N.Y., 2013).

2

Defendants waited less than two weeks before Plaintiffs' deadline to reach out to one, and only one, actual lender about potentially financing the deal. It is anticipated Defendants may attempt to explain away this failure as mere negligence or mistake. Evidence that Defendants are engaged in wide-ranging fraud would directly rebut such a mistake-based defense.

Moreover, evidence that Silver Arch defrauded other potential borrowers will be admissible to prove Plaintiffs' punitive damages claim, to the extent New York law requires proof of public harm resulting from Defendants' actions. *See, e.g., P.W.B. Enterprises v Ark Management Corp.*, No. 57763, 227 A.D.2d 104, 104–05, 641 N.Y.S.2d 645, 646, 1996 WL 220710 (N.Y.A.D. 1 Dept., May 02, 1996). These are all legitimate reasons[3] for discovery into Silver Arch's business dealings with other potential borrowers.

However, even if the information sought by the subject deposition topics were ultimately deemed inadmissible (which it should not be), admissibility is, again, a separate issue from discoverability. If Defendants wish to file a motion in limine to exclude such information from ultimately being introduced at trial, they may do so. But under the Rules, discovery is broad. *See, e.g., Saavedra v. City of New York*, No. 19 CIV. 7491 (JPC), 2021 WL 104057, at *1 (S.D.N.Y. Jan. 12, 2021) ("In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable."). The deposition topics should be allowed.

*Second,* the substantial merits issues outlined above notwithstanding, Defendants' letter-motion also violates the Court's Individual Practice Rules, which required Defendants' counsel to meet-and-confer with the undersigned before filing his motion and seeking Court intervention. No meet-and-confer occurred, and the letter-motion does not include the required representation that the meet-and-confer happened, per the Court's Rules. The motion should be denied summarily on this basis alone, and the deposition allowed to proceed as noticed.

*Lastly*, Defendants' motion should also be denied due to Defendants' bad-faith delay in waiting until the eve of depositions to object to the deposition topics. Defendants have had the Rule 30(b)(6) deposition notice containing the topics at issue since as early as May 2, 2022 and waited for four months to object, just days before the scheduled deposition is set to occur. As the Court is aware, Plaintiffs had to overcome repeated delays by Defendants in order to schedule these depositions in the first place [see ECF No. 75], which required Court intervention. The parties have repeatedly reaffirmed the September deposition schedule ordered by the Court in joint submissions since that time. It is bad faith for Defendants to wait until out-of-state counsel has already booked flights and hotel accommodations in New York for the depositions before raising objections that could have been raised and addressed with the Court months ago.

For all these reasons, Defendants' letter-motion should be denied.

---

[3] Defendants' letter motion expresses "concern" about Plaintiffs supposedly seeking the subject discovery for an improper purpose, including wanting to vindicate the rights of non-parties. Setting aside that <u>Defendants quoted from a confidential settlement communication</u> sent by Plaintiffs, Plaintiffs' subjective motivations are irrelevant to the Court's analysis of the foregoing issues. That Plaintiffs' principal Dave Ferris sent an intemperate email in the heat of passion does not in anyway detract or alter the reality of this.

Respectfully,

   */s/ M. Alex Duncan*_____
Michael A. Duncan, Esq.
**MCAFEE & TAFT**
**A PROFESSIONAL CORPORATION**
Michael K. Avery, Esq., admitted pro hac vice
Michael A. Duncan, Esq., admitted pro hac vice
Jennie Mook, Esq., admitted pro hac vice
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK  73102-7103
Tel:  405.552.2269
Fax:  405.228.7469
Michael.avery@mcafeetaft.com
alex.duncan@mcafeetaft.com
jennie.mook@mcafeetaft.com


*/s/ Stephen G. Traflet*_____
**TRAFLET & FABIAN**
Stephen G. Traflet (ST-9654)
1001 Avenue of the Americas
11th Floor
New York, NY 10018
Tel: 212.244.6199
Fax: 212.859.7313
straflet@trafletfabian.com

*Attorneys for Plaintiffs*