UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FD SPECIAL OPPORTUNITIES V, LLC, et al.,

                Plaintiffs,

-against-

SILVER ARCH CAPITAL PARTNERS, LLC, et al.,

                Defendants.

1:21-cv-00797 (JLR) (OTW)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

        Plaintiffs filed their Complaint on January 28, 2021 (ECF No. 1) and amended their Complaint on August 16, 2021 (ECF No. 11 ("Amended Complaint")). The case was reassigned to the undersigned on September 22, 2022. *See* ECF No. 103. By order dated October 19, 2022, the Court found that Plaintiffs failed to properly allege the citizenship of all parties for purposes of diversity jurisdiction and ordered that, unless Plaintiffs properly alleged complete diversity of citizenship by November 2, 2022, the Court may dismiss the case for lack of subject-matter jurisdiction. ECF No. 115. On November 2, 2022, Plaintiffs filed a letter and affidavit to supplement their allegations of diversity of citizenship. ECF Nos. 119, 119-1. Defendants filed a letter response on November 3, 2022, pointing out that Plaintiffs did not verify the citizenship of beneficiary members of 15 trusts that are members of one Plaintiff limited liability company. ECF No. 121. For the following reasons, Plaintiffs' supplemental allegations are insufficient to establish diversity of citizenship.

    **I. Background**

        Both Plaintiffs and one Defendant are limited liability companies. Amended Complaint ¶¶ 1, 2. In their supplemental submission, Plaintiffs allege that Defendant Silver Arch Capital

Partners, LLC ("Silver Arch LLC") is "owned by Mr. [Jeffrey] Wolfer and/or his wife and that they are both citizens of the State of New Jersey." ECF No. 119-1 ¶ 5. Plaintiffs allege that the membership of the two Plaintiff limited liability companies – FD GP Investment, LLC and FD Special Opportunities, V – "consists of a mix of individual persons, limited liability companies, and trusts." *Id*. ¶ 6. Plaintiffs further allege that (i) "[n]o individual person who is a member of either Plaintiff is . . . a citizen of the State of New Jersey"; (ii) "[n]o trust that is a member of either Plaintiff is a trustee that is . . . a citizen of the State of New Jersey"; and (iii) "[n]o limited liability company that is a member of either Plaintiff has any member (traced to the level of individual persons and/or corporations) that is . . . a citizen of the State of New Jersey." *Id*. ¶¶ 7-9. Finally, Plaintiffs allege that "[b]y virtue of the domicile of its sole member, Plaintiff FD GP Investment, LLC, is a citizen of Massachusetts" and "[b]y virtue of the domiciles of its members, and the domiciles of the members' members, and the domiciles of trusts' trustees, Plaintiff FD Special Opportunities V, LLC, is a citizen of California, Connecticut, Florida, Maine, Massachusetts, New Hampshire, New York, North Carolina, Ohio and Tennessee." *Id*. ¶ 10.

## II. Discussion

Diversity jurisdiction exists only if "diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998)). A limited liability company is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). That means that, "if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege

the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020). The citizenship of a trust depends on the type of trust at issue. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 729, 731 & n.8 (2d Cir. 2017). For "traditional trusts," which "establish a mere fiduciary relationship and, as such, [are] incapable of suing or being sued in [their] own name," citizenship is determined by the citizenship of each of the trust's trustees. *Id*. at 729, 731-32. For non-traditional trusts, citizenship is generally based on the citizenship of all of the trust's members, including its beneficiaries. *See id.* at 729.

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction . . . ." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617 (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006)); *see Brown v. Keene*, 33 U.S. 112, 114 (1834) ("The decisions of this court require, that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A district court may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 618.

Here, the record does not contain the necessary prerequisites for subject-matter jurisdiction. *Id*. Plaintiffs allege that Defendant Silver Arch Capital Partners, LLC ("Silver Arch LLC") is "owned by Mr. [Jeffrey] Wolfer and/or his wife and that they are both citizens of the

3

State of New Jersey." ECF No. 119-1 ¶ 5. Accordingly, Defendant Silver Arch LLC is a citizen of New Jersey.[1] *See Handelsman*, 213 F.3d at 51-52.

Plaintiffs' supplemental allegations as to their own citizenship, however, are insufficient. First, Plaintiffs allege, in effect, that no member of Plaintiffs is "a citizen of the State of New Jersey." ECF No. 119-1 ¶¶ 7-9. But such allegations are conclusory and do not positively set forth the citizenship or identity of Plaintiffs' members. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (allegation that a party is "a citizen of a different state" than its adversary "is insufficient to show that the diversity requirement is met because, standing alone, it is entirely conclusory"); *Brown*, 33 U.S. at 114 (recognizing that "the averment of jurisdiction shall be positive").

Second, Plaintiffs' allegations that they are generally citizens of "California, Connecticut, Florida, Maine, Massachusetts, New Hampshire, New York, North Carolina, Ohio and Tennessee" by virtue of "the domiciles of its members, and the domiciles of the members' members, and the domiciles of trusts' trustees" are similarly unavailing. ECF No. 119-1 ¶ 10. These allegations fail to specifically state the facts upon which diversity jurisdiction depends, *i.e.*, the citizenship and identity of Plaintiffs' members (and those members' members, etc.). *See U.S. Liab. Ins. Co.*, 444 F. Supp. 3d at 410 ("In pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged.") (collecting cases); *see also Platinum-Montaur Life Scis., LLC*, 943 F.3d at 618 (allegations must state the "necessary

---

[1] Plaintiffs do not specify that "Mr. [Jeffrey] Wolfer and/or his wife" are the *sole* members of Silver Arch LLC. But Defendant, in its letter response, does not object to this characterization of Silver Arch LLC's citizenship, and the Court construes Plaintiffs as alleging that there are no members of Silver Arch LLC other than Jeffery Wolfer and his wife. If either party learns of contrary information, they shall inform the Court promptly.

prerequisites" for diversity of citizenship); *Brown*, 33 U.S. at 114 (allegations must "state expressly the fact on which jurisdiction depends").

Courts in this Circuit consistently find subject matter jurisdiction lacking where, like here, the plaintiff has not specifically alleged the identity and citizenship of each member of each relevant limited liability company. *See, e.g.*, *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 188 (E.D.N.Y. 2022) (dismissing action because, in response to order to show cause, the plaintiff alleged the citizenship but not identity of both members of a limited liability company); *Patrick Cap. Markets, LLC v. Ascend Real Est. Partners, L.P.*, No. 21-cv-6004 (AKH), 2022 WL 294638, at *5 (S.D.N.Y. Feb. 1, 2022) ("It is not enough to allege, in conclusory fashion, that none of a[n] [] LLC's members are citizens of the same state as the plaintiff.  Nor may a plaintiff allege that all of the LLC's members are citizens of a certain state.") (internal citation omitted).[2]

The conclusory nature of Plaintiffs' allegations also makes it impossible to determine the identity and types of trusts that are members of Plaintiff FD Special Opportunities V, LLC and, accordingly, whether the trusts' citizenship is determined by the citizenship of all of their members or only their trustees. *See Raymond Loubier Irrevocable Tr.*, 858 F.3d at 729, 731. Without this information, the Court cannot satisfy itself that no trust that is a member of Plaintiffs is completely diverse from Defendants.  *See id*.

---

[2] *See, e.g.*, *LIC 41-18 42th St. LLC v. Main St. Am. Ins. Co.*, No. 21-cv-5502 (MKV), 2021 U.S. Dist. LEXIS 134032, at *2 (S.D.N.Y. July 19, 2021) (same); *Flemming v. Port Auth. of New York & New Jersey*, No. 21-cv-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) (same); *Prospect Funding Holdings, LLC v. Fennell*, No. 15-cv-4176 (LLS), 2015 WL 10793134, at *1 (S.D.N.Y. Aug. 27, 2015) (finding the plaintiff's allegations insufficient "because none of their members or partners are identified, nor their citizenship established"); *see also 136-61 Roosevelt LLC v. Starbucks Corp.*, No. 21-cv-3560 (BMC), 2021 WL 2779287, at *1 (E.D.N.Y. July 2, 2021) ("Thus, if a party to a diversity action is an LLC, the party seeking to invoke the court's diversity jurisdiction must identify both the LLC's members and their citizenship.").

The Court recognizes that "scrupulous enforcement of these jurisdictional rules may make it more difficult for many business entities to sue or to be sued in federal court under diversity jurisdiction." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 619. Nonetheless, when the citizenship of an LLC is in question, the Court may not proceed without determining that subject-matter jurisdiction exists. *Id*.

### III. Conclusion

The Court will afford Plaintiffs one more opportunity to meet their burden of establishing subject-matter jurisdiction. Accordingly, Plaintiffs shall, no later than **November 16, 2022**, file a letter, supported by one or more sworn affidavits, that provide the necessary prerequisites for the Court to exercise subject-matter jurisdiction in this case, including by alleging the identity and citizenship of members of the Plaintiff limited liability companies and trusts, and of those entities' members, throughout the chain of ownership, consistent with this opinion. If Plaintiffs are unable to allege a good-faith basis for complete diversity of citizenship by that date, the action will be dismissed for lack of subject-matter jurisdiction, without further notice to the parties.

Dated: November 9, 2022
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge