UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FD SPECIAL OPPORTUNITIES V, LLC, et al., <br><br>                    Plaintiffs, <br><br>        -against- <br><br> SILVER ARCH CAPITAL PARTNERS, LLC, et al., <br><br>                    Defendants. | 1:21-cv-00797 (JLR) (OTW) <br><br> **MEMORANDUM OPINION <br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On November 16, 2022, Plaintiffs filed a supplemental declaration setting forth the citizenship of their limited liability members and a Letter-Motion requesting to keep that declaration under seal. For the reasons that follow, the Court finds that Plaintiffs (1) have adequately alleged complete diversity of citizenship and (2) have not met their burden to keep sealed the Declaration of Brian Charville.

### I.    Diversity of Citizenship

On November 9, 2022, the Court issued a Memorandum Opinion and Order finding that Plaintiffs had not adequately established diversity of citizenship for purposes of subject-matter jurisdiction. ECF No. 122. In particular, Plaintiffs had not alleged the identity and citizenship of all members of the Plaintiff limited liability companies and trusts, and of those entities' members, throughout the chain of ownership. *Id*. The Court afforded Plaintiffs one more opportunity to meet their burden of establishing subject-matter jurisdiction. *Id*.

In response to the Court's Order, Plaintiffs filed supplemental submissions on November 16, 2022. *See* ECF Nos. 126-128. Those submissions included a Declaration of Brian Charville ("Charville Declaration"), which sets forth the identity and citizenship of all members of the

Plaintiff entities, throughout the chain of ownership, and characteristics of the trusts at issue in order to show that those trusts should be treated as traditional trusts for purposes of determining their citizenship. ECF No. 127. Defendants filed a letter response on November 21, 2022. ECF No. 131. Plaintiffs filed a reply letter on November 22, 2022. ECF No. 134.

For the reasons set forth in Plaintiffs' November 16 and November 22, 2022 submissions, this Court finds that Plaintiffs have now adequately alleged complete diversity of citizenship for purposes of subject-matter jurisdiction. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharm., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (holding that a plaintiff bears the burden of establishing jurisdiction by a "preponderance of evidence") (internal citations omitted).

## II.     Letter-Motion to Seal

On November 16, 2022, Plaintiffs also filed a Letter-Motion to seal the Charville Declaration. ECF No. 126. Plaintiffs concede that the Charville Declaration is a "judicial document" to which the presumption of public access applies. *Id*. But Plaintiffs argue that the Charville Declaration contains the identities of Plaintiffs' entities' members, who are not parties to this suit and who have a substantial interest in keeping their identities confidential, and that the privacy interests of the members outweigh the presumption of public access. *Id*. Defendants do not object to this Letter-Motion. *Id*.

When considering a motion to seal, a court must first determine whether the document at issue is a "judicial document" subject to a presumption of public access. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). Plaintiffs concede that the Charville Declaration is a "judicial document," and this Court agrees. *See id*.; ECF No. 126. Once a court determines that the document is a "judicial document" and the presumption of public access applies, "it must determine the weight of that presumption." *Lugosch v. Pyramid*

*Co.*, 435 F.3d 110, 119 (2d Cir. 2006). "The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. (internal citations omitted). A court must then balance that presumption against "countervailing factors," which may include "the privacy interests of those resisting disclosure." *Id*. at 120. "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (quoting *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)).

      Here, the Court finds that the presumption of public access is afforded great weight. The material at issue – the membership of the Plaintiff limited liabilities companies – serves a substantial role in the exercise of Article III judicial power here because it provides the basis for this Court to exercise subject-matter jurisdiction over this case. *See Lugosch*, 435 at 119. Moreover, Plaintiffs brought the lawsuit and should expect that the basis for the Court's jurisdiction would be disclosed.

      The Court finds the privacy interests asserted by Plaintiffs, to which Defendants do not object, are also entitled some weight. *See Standard Chtd. Bank Int'l (Americas) Ltd. v. Calvo*, 757 F. Supp. 2d 258, 260 (S.D.N.Y. 2010) (recognizing that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (quoting *United States v. Biaggi*, 828 F.2d 110, 116 (2d Cir. 1987)). The members at issue are not themselves parties to this suit, and Plaintiffs represent to this Court that the third parties have a "substantial interest in keeping such information private." ECF No. 126.

      However, Plaintiffs' conclusory reference in a letter to such "privacy interests" is insufficient to meet its burden. *See, e.g.*, *In re Document Techs. Litig.*, 282 F. Supp. 3d 743, 751

(S.D.N.Y. 2017) ("In the absence of some concrete reason as to why the Court should seal this reference, some explanation as to how this information could cause harm, the Court has no basis for redacting these general references to client identities."); *Bernsten*, 307 F. Supp. 3d at 168 (finding a party's "conclusory assertion" that documents concern "embarrassing conduct" and "generalized concern" of adverse publicity are insufficient).  The affidavit does not contain personally identifiable information and instead contains general citizenship and ownership information.  Moreover, Plaintiffs seek to seal the entire Charville Declaration on the basis of third-party privacy interests, and not redact targeted portions, yet paragraphs of that document concern general information that Plaintiffs have already filed publicly.  *Compare* ECF No. 127 ¶ 3 (the declaration stating Plaintiffs' place of incorporation and principal office) *with* ECF No. 11 ¶ 1 (the public Amended Complaint stating the same).  Accordingly, Plaintiffs have not met their burden of showing that the presumption in favor of public access is overcome and, therefore, their Letter-Motion to Seal is denied.

The Clerk of Court is respectfully directed to terminate ECF No. 126.  The Clerk of Court is also directed to unseal and enable public viewing for ECF No. 127.

Dated: November 28, 2022
      New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge