```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FD SPECIAL OPPORTUNITIES V, LLC, et al.,         :
                                                  :
                Plaintiffs,                       :       21-CV-0797 (JLR) (OTW)
                                                  :
                -against-                         :       OPINION AND ORDER
                                                  :
SILVER ARCH CAPITAL PARTNERS, LLC, et al.,       :
                                                  :
                Defendants.                       :
                                                  :
                                                  :
-------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

Plaintiffs FD Special Opportunities V, LLC, and FD GP Investment, LLC ("Plaintiffs") brought this motion for expenses pursuant to Fed. R. Civ. P. 37(a)(5) against Defendants Silver Arch Capital Partners, LLC, Jeffrey Wolfer, and Matthew Cole ("Defendants"), seeking an award of $1,040 in fees incurred in connection with responding to Defendants Letter Motion for a Protective Order. (ECF 113). After reviewing the parties' papers (ECF Nos. 107, 108, 113, and 114), Plaintiffs' motion for expenses and fees is **GRANTED**. Plaintiffs are awarded **$1,040** in attorneys' fees occasioned by Defendants' conduct in this litigation.

I. **BACKGROUND**

Plaintiffs sued Defendants on January 28, 2021, alleging claims sounding in breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and violations of New York's consumer protection law. (EFC 1).

The parties were referred to mediation on July 21, 2022. (ECF 91). In the event of an unsuccessful mediation, the parties were to proceed with depositions immediately after the mediation. (*See* ECF 94, 95). Both the mediation and the depositions were scheduled for

September, and the Court adopted the parties' proposed deposition schedule on July 14, 2022. (ECF 87). Two days before the scheduled mediation and one week before the scheduled depositions, Defendants moved for a protective order limiting the scope of topics to be asked during the 30(b)(6) deposition of Defendant Silver Arch Capital Partners LLC. (ECF 97). Plaintiffs opposed the protective order as baseless and untimely, arguing that Defendants had waited until the eve of depositions to object to the topics at issue despite having the Rule 30(b)(6) deposition notice containing the topics since May 2, 2022. (ECF 98 at 3). I denied the Motion as untimely and invited Plaintiffs to submit briefing for an award of expenses under Rule 37(a)(5). (ECF 100). Plaintiffs submitted their motion for sanctions on September 23, 2022 (EFC 107), and filed supporting documentation on October 14, 2022. (EFC 113). Defendants filed oppositions on September 29, 2022 (ECF 108) and October 17, 2022. (ECF 114).

## II.  DISCUSSION

### A.  Attorneys' Fees Under Rule 37(a)(5)

Rule 37(a)(5) "applies to [an] award of expenses" made in connection with an application for a protective order. Fed. R. Civ. P. 26(c)(3). Courts have "discretion under Rules 26(c) and 37(a)(5) to require the losing party on a motion for a protective order to pay the expenses incurred in relation to the motion." *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, No. 09-CV-10392 (RMB), 2010 WL 5158183, at *3 (S.D.N.Y. Dec. 9, 2010) (internal citations and quotations omitted). Where a motion for a protective order is denied, Rule 37(a)(5) provides that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated [the order compelling discovery], the party or attorney advising that conduct, or both to pay … reasonable expenses incurred in opposing the

motion, including attorney's fees." *Id.* (internal citations and quotations omitted). The Court may not award expenses if it finds that doing so would be unjust or that the motion for the protective order was substantially justified, even if the motion was ultimately denied. *Pegoraro v. Marrero*, 10-CV-00051 (AJN) (KNF), 2012 WL 5964395, at *4 (S.D.N.Y. Nov. 28, 2012) (citing Fed. R. Civ. P. 27(a)(5)(B)). A motion is substantially justified if there is "a genuine dispute, or if reasonable people could differ" as to the appropriateness of the contested action. *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Defendants' conduct was not substantially justified here. Defendants had four months to object to Plaintiffs' 30(b)(6) notice, but instead chose to move for a protective order on the eve of depositions, nearly two months after they had been scheduled, and after Plaintiffs' counsel had made travel and hotel arrangements to attend the depositions in New York. (ECF 98 at 3). Defendants' only justification for their tardy objection is that they became "concerned" that Plaintiffs would improperly use information from Defendants' depositions after Plaintiffs' counsel "suggested an intention"[1] to disregard the Protective Order in this action (ECF 25), leading Defendants to believe that it was "imperative to seek the Court's guidance." (ECF 108). Having reviewed the email communications between counsel which

---

[1] Defendants attach, at ECF 99-2, a copy of the allegedly objectionable email exchange, in which counsel were discussing whether they should exchange their pre-mediation statements or whether they should be submitted to the mediator confidentially. Plaintiffs' counsel closed the email with:

> "We spoke with our clients recently in connection with coordinating and planning the mediation and depositions and they remain bullish, buoyed in their spirits by a recent transaction which has them very well-funded to pursue what they in no small part view as an opportunity to not only vindicate the wrongs of their own experience with Silver Arch, but also those of others." (ECF 99-2).

While that language may be problematic as puffery, posturing and purple prose, it cannot reasonably be read to mean that counsel intended to violate the Court's Protective Order.

Defendants maintain form the basis of their objections, the Court finds that Plaintiffs' counsel's statements did not evince such an intention, and even if they had, the appropriate remedy would have been to seek Court relief *after* depositions had been completed instead of one week before they were scheduled. Accordingly, Defendants' Motion for a Protective Order was not substantially justified, nor were the circumstances precipitating the Motion such that an award of expenses would be unjust. The Court finds that Plaintiffs are entitled to recover reasonable expenses incurred in connection with responding to Defendants' Motion for a Protective Order.

### B. Calculation of a Reasonable Fee Award

Plaintiffs request an award of fees in the amount of $1,040, stemming from the drafting, revising, and filing of Plaintiffs' Response to Defendants' Motion for a Protective Order. (ECF 113). The Court finds that Plaintiffs' fees and hours are reasonable.

Courts determine fee awards through the "lodestar" calculation, which is "the number of hours expended multiplied by a reasonable hourly rate." *Venus By Maria Tash, Inc.*, 2022 WL 4085747 at *6. The Second Circuit has held that the lodestar creates a presumptively reasonable fee. *See Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008). To provide a lodestar calculation, the party seeking an award of attorneys' fees should submit evidence "supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983). Plaintiffs have properly submitted this evidence, including contemporaneously recorded billing entries for the work involved in preparing and submitting Plaintiffs' Response. (EFC 113).

Courts consider the reasonableness of an hourly rate by comparing it to the prevailing market rate for attorneys in the district in which the Court sits. *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006). Plaintiffs are represented by McAfee & Taft ("M&T") and seek reimbursement of fees for the work of two associate attorneys from M&T. (ECF 113). Associate attorney Alex Duncan bills at a rate of $300/hour and Jen Mook bills at a rate of $250/hour. (ECF 113). The Court finds the above rates requested for Plaintiffs' attorneys to be reasonable. Based on the work they completed in this case, the Court finds the rates charged appropriate for associate attorneys of their background and experience. *Bowman v. Receivables Performance Mgmt. LLC*, No. 20-CV-1779 (LTS), 2022 WL 1321372, at *1 (S.D.N.Y. May 3, 2022) (approving hourly rate of $300 for senior associates and $225 for junior associates).

In order to determine the compensable hours, "the court must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 371 (S.D.N.Y. 2005) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)). "In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Gierlinger*, 160 F.3d at 876. Here, M&T's attorneys billed a total of 3.6 hours for work performed drafting, revising, and filing Plaintiffs' response to Defendants' Motion for a Protective Order. (EFC 113). The Court has reviewed Plaintiffs' supporting records and finds the time spent to be reasonable. The work performed is of the nature and type that would be expected in Response to a Motion for Protective Order. Notably, Plaintiffs do not seek fees for

work performed <u>after</u> their Response was sent, underscoring the fact that the request for fees here is minimal compared to the actual time Plaintiffs expended on this case.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' request for attorneys' fees from Defendants in the amount of **$1,040** is **GRANTED**.

**SO ORDERED.**

Dated: December 15, 2022
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge