# BERNSTEIN CHERNEY LLP
### ATTORNEYS AT LAW
955 Park Avenue, Fifth Floor West
New York, N.Y. 10028

Hartley T. Bernstein, Esq.
Phone: (212) 381-9684
Fax: (646) 304-8070
hbernstein@bernsteincherney.com

September 28, 2023

Hon. Jennifer L. Rochon U.S.M.J.
United States Courthouse
500 Pearl Street
New York N.Y. 10007

Re: FD Special Opportunities V, LLC et al v. Silver Arch Capital Partners LLC et al, 21-cv-00797(VM)

Dear Judge Rochon:

We represent Defendants Silver Arch Capital Partners, LLC ("SACP"), Jeffrey Wolfer and Matthew Cole in the above-referenced litigation. We are today filing a Motion for Summary Judgment on behalf of Defendants. We are requesting that Exhibits 9, 12, 23, 24, 25 and 26 be filed under seal pursuant to the Protective Order in this litigation.

In accordance with Your Honor's Individual Rules of Practice we have done so, pending Your Honor's approval of this request. Please advise us of any other action we need to take in order to assure that these Exhibits remain under seal.

Respectfully,

*Hartley T. Bernstein*

Hartley T. Bernstein

---

Request **DENIED** without prejudice to renewal. Defendants request to seal documents solely on the basis of a protective order in this case. However, Rule 4(B)(ii) of the Court's Individual Rules makes clear that, "[i]n general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is **not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents**." (emphasis added). In other words, "that a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-mc-02542 (VSB), 2023 WL 196134, at *5 (S.D.N.Y. Jan. 17, 2023) (quoting *Doe v. U.S. Immigr. & Customs Enforcement*, No. 19-cv-08892 (AJN), 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021)); *see Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015) ("Thus, even if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document."). Instead, Defendants must demonstrate that sealing (or redaction) is warranted under both the "common law right of public access to judicial documents" and the press and public's "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). Defendants have not done so. Accordingly, their request is **DENIED**. If Defendants wish to renew their request, they shall file a single letter-motion by **October 3, 2023**, and the document(s) they seek to redact or seal in accordance with Rules 4(B)(iii)(b)-(c) of the Court's Individual Rules of Practice in Civil Cases. The letter-motion shall provide sufficient explanation and be narrowly tailored to the *Lugosch* standard. If no renewed motion is made by that date, the Court will direct the Clerk of Court to unseal the documents at that time. The Clerk of Court is directed to terminate ECF Nos. 161 and 165.

Dated: September 28, 2023
New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**